**Sugiarto SUBUR, Maria Levi Olivia Liem, Petitioners,**

v.

**U.S. DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.**

Nos. 05–2613–ag(L); 05–2614–ag(Con).

United States Court of Appeals, Second Circuit.

Nov. 6, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, New York, for Petitioners.

Michael J. Sullivan, United States Attorney; Gina Walcott–Torres, Assistant United States Attorney, Boston, Massachusetts, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioners Sugiarto Subur and Maria Levi Olivia Liem, natives and citizens of Indonesia, seek review of an April 28, 2005 order of the BIA affirming the October 15, 2003 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Maria Levi Olivia Liem,* No. A 96 264 091 (B.I.A. April 28, 2005), *aff'g* No. A 96 264 091 (Immig. Ct. N.Y. City Oct. 15, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this

Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ No court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D), 8 U.S.C. § 1158(a)(3), unless the petitioner presents a Constitutional claim or a question of law. 8 U.S.C. § 1252(a)(2)(D). This Court thus retains jurisdiction to review constitutional claims and "questions of law." In the instant case, we lack jurisdiction over Liem's argument that her due process rights were violated by the IJ's pretermission of her asylum application because she has merely framed an abuse of discretion argument as a constitutional claim. *See Saloum v. US-CIS,* 437 F.3d 238, 243–44 (2d Cir.2006) (stressing that, "[a] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb.").

Even if Liem has raised a valid constitutional claim, her argument that the IJ misinterpreted the statute regarding the one-year filing deadline as providing an exception based only on "changed circumstances," is unavailing. The BIA had the opportunity to consider Liem's arguments on the one-year bar issue, and made a determination both that she failed to present sufficient evidence to show that she filed for asylum in a timely manner, and to demonstrate extraordinary circumstances to excuse the untimely filing of her asylum application. 8 C.F.R. § 1003.1(d)(3)(ii) (providing that the BIA may review questions of law, discretion and judgment, and all other issues in appeals from decisions of immigration judges *de novo).* Such a challenge to an exercise of discretion does not present a Constitutional claim or question of law and is not reviewable by the Court. 8 U.S.C. § 1158(a)(2)(D).

Section 1158(a)(3) applies only to asylum requests and does not divest this Court of jurisdiction under § 1252(a) to review final orders of removal which deny other relief, such as withholding of removal. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180–81 (2d Cir.2006). We may therefore review Liem's remaining claims on the merits.

■ Substantial evidence supports the BIA's and IJ's determination that Liem failed to meet her burden of proof for withholding of removal. The IJ took into account Liem's undisputed testimony that: in 1981, three children on bicycles ran into her, causing her to fall onto a sewer; in 1982, a group of Muslim natives, stating, "watch out, Chinese," kicked a motorcycle that she was riding, causing her to fall down; in 1993, a Muslim man riding a bicycle grabbed her breast "laughing he's Chinese," and another native Indonesian exposed his genitals to her, stating, "you're Chinese, you smell like pork, pig"; and her tuition was higher than the tuition for Muslims. The IJ reasonably found that, while these incidents were "unfortunate and reprehensible," they were insufficient to establish persecution. *See Matter of Acosta,* 19 I. & N. Dec. 211, 216, 1985 WL 56042 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"); *Ivanishvili v. U.S. Dep't of Justice,*

433 F.3d 332, 341 (2d Cir.2006) (emphasizing that harm must be sufficiently severe, rising above "mere harassment"). In addition, while the IJ may not have mentioned every instance of physical harm that Liem or her family suffered in Indonesia, the IJ was not required to specifically address each piece of evidence presented, and the record does not suggest that the IJ neglected to consider all of Liem's claims. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n. 13 (2d Cir.2006).

Additionally, Liem's claim that there is a pattern or practice of persecution on account of religion and ethnicity of ethnic Chinese Christians in Indonesia, a group in which she is included and with whom she identifies, is unavailing. Liem's claim that she is an ethnic Chinese Christian is undisputed; however, she offered little objective proof that she was likely to suffer persecution on account of her membership in this group. The State Department International Religious Freedom Report indicates that, in 2002, the Indonesian Government recognized Protestantism and Catholicism as official religions and its Constitution provided for "all persons the right to worship according to his or her own religion or belief." More importantly, the violence seemed contained to Sulawesi and the Moluccas, whereas Liem is from Surabaya, where there were no reported religious prisoners.

■ Finally, substantial evidence supports the BIA's and IJ's determinations that Liem failed to meet her burden of proof for eligibility for relief under the CAT. Despite Liem's contention that the IJ failed to address the background materials which she believes indicate that torture is prevalent in Indonesia, Liem failed to offer any evidence to establish that she had been tortured in the past or that it was more likely than not that she would be personally tortured in Indonesia. *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir.2006) (agreeing in dicta that "torture requires proof of something more severe than the kind of treatment that would suffice to prove persecution").

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).